**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Civil Action No. 24-5228 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Kimberly M.'s ("Plaintiff")[1] appeal of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Commissioner is affirmed.

**I.   BACKGROUND**

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and the ALJ's decision.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

### A. Procedural History

On March 8, 2021, Plaintiff filed an application for DIB. (AR 21, 95-96, 105-06, 221-34, ECF No. 6.[2]) Her application alleged disability beginning December 9, 2020.[3] (*Id.* at 21, 95, 105.) Plaintiff's claim was denied both initially (*id.* at 21, 96-104, 121-25) and on reconsideration (*id.* at 21, 106-17, 127-31). Thereafter, Plaintiff submitted a written request for a hearing before an ALJ. (*Id.* at 21, 132.)

On June 22, 2022, the ALJ held a hearing with the parties and an impartial vocational expert. (*Id.* at 40-68.) On September 16, 2022, the ALJ issued a decision denying Plaintiff's DIB application, finding that Plaintiff was not disabled under the Act. (*Id.* at 18-33.) Plaintiff appealed. (*Id.* at 190-192.) On September 18, 2023, the Social Security Administration's Appeals Council denied Plaintiff's request for review. (*Id.* at 5-10.) On April 17, 2024, Plaintiff filed an appeal to this Court (Compl., ECF No. 1), and on January 9, 2025, submitted her moving brief (Pl.'s Moving Br., ECF No. 9). The Commissioner filed an opposition brief on February 10, 2025. (Def.'s Opp'n Br., ECF No. 11.)

### B. The ALJ's Decision

In his written decision, the ALJ concluded that Plaintiff was not disabled under the prevailing administrative regulations during the relevant period. (AR 33.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 22-23.) As an initial matter, the ALJ found that Plaintiff "meets the

---

[2] The Administrative Record ("AR") is located at ECF No. 6. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

[3] Plaintiff listed the following conditions that limit her ability to work in her application: (1) fibromyalgia; (2) small fiber neuropathy; (3) chronic pain; (4) migraines; (5) sleep issues; (6) anxiety; (7) depression; (8) Post-Traumatic Stress Disorder ("PTSD"); and (9) asthma. (AR 225; Pl.'s Moving Br. 10.)

insured status requirements of the . . . Act through December 31, 2023." (*Id.* at 23.) At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since December 9, 2020, the alleged onset date." (*Id.* at 24 (citation omitted).) At step two, the ALJ determined that Plaintiff had several severe impairments during the relevant period: (1) small fiber neuropathy; (2) migraines; (3) asthma; (4) fibromyalgia ("FM"); (5) depressive disorder; (6) anxiety disorder; (7) spine disorder; and (8) carpal tunnel syndrome. (*Id.*)

At step three, the ALJ determined that Plaintiff's impairments, alone or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526 during the relevant period. (*Id.*) With respect to Plaintiff's physical impairments, the ALJ stated that he specifically reviewed listings 1.15 (disorder of the skeletal spine), 1.16 (lumbar spinal stenosis), 3.02 (asthma), 11.02 (epilepsy), and 11.14 (peripheral neuropathy). (*Id.*); 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 1.15, 1.16, 3.02, 11.02, 11.14. Regarding Plaintiff's mental impairments, the ALJ stated that he reviewed listings 12.04 (depressive disorder) and 12.06 (anxiety disorder). (AR 25); 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06. The ALJ also provided a detailed analysis of the "paragraph B" criteria in reaching his determination that Plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 12.04 and 12.06. (*Id.* at 25-26.)

The ALJ determined that Plaintiff had the residual function capacity ("RFC")[4] to perform light work as defined in 20 C.F.R. § 404.1567(b). (*Id.* at 27.) Plaintiff, however, was limited to:

---

[4] RFC is defined as "the most [an individual] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1); *see Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) ("'[R]esidual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by her impairments") (citing *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1520c and 404.1546(c).

> standing and walking for [four] hours combined[;] . . . frequent handling and fingering with the bilateral hands; occasionally climbing ramps and stairs; never climbing ladders, ropes, and scaffolds. . . . balanc[ing] occasionally as defined in the SCO, stoop[ing], kneel[ing], crouch[ing], and crawl[ing]. . . . never work[ing] at unprotected heights; and never work[ing] around hazards or moving mechanical parts.

(*Id.*)

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a dental hygienist. (*Id.* at 32.) The ALJ considered that Plaintiff was 50 years old on the alleged disability onset date, which is defined as "an individual closely approaching advanced age," and she has at least a high school education. (*Id.*) The ALJ determined that "[t]ransferability of job skills is not material . . . because . . . [Plaintiff] is 'not disabled,' whether or not [she] has transferable job skills." (*Id.*) Based on the aforementioned factors and Plaintiff's RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.*) In doing so, the ALJ relied upon the testimony of the vocational expert, who testified that an individual of Plaintiff's age, education, work experience, and RFC "would be able to perform the requirements of [unskilled (SVP 2) light] occupations such as" office helper; dealer accounts investigator; or counter attendant. (*Id.* at 33.)

At step five, the ALJ determined that Plaintiff was not disabled, as defined in the Act, from December 9, 2020 (the alleged onset date), through the date of the ALJ's decision, September 16, 2022, for the purposes of Plaintiff's DIB claim. (*Id.*)

## II.  LEGAL STANDARD

### A.  Standard of Review

When considering an appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause

4

for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its] own conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)).

Even amid this deferential standard, this Circuit has explained that the court's review must be a qualitative exercise requiring a thorough examination of the ALJ's decision and the record:

> [The substantial evidence standard] is not . . . a talismanic or self-executing formula for adjudication; rather, our decisions make clear that determination of the existence *vel non* of substantial evidence is *not* merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion. The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) (citation omitted). It is, thus, necessary for ALJs to analyze all probative evidence and set out the reasons for their decisions. *Burnett*, 220 F.3d at 121. If the ALJ has not analyzed all probative evidence and has not sufficiently explained the weight given to the evidence, the decision is not supported by substantial evidence. *See Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) ("[T]o say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." (citation omitted)). The ALJ must state both the evidence considered as well as the evidence rejected. *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) ("Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." (citation omitted)).

On appeal, Plaintiff bears the burden "of showing not merely that the Commissioner erred, but also that the error was harmful." *Romero v. Comm'r of Soc. Sec.*, No. 18-16806, 2020 WL 2301444, at *2 (D.N.J. May 8, 2020). "[W]hen appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in [her] favor, based on the existing record, [s]he is quite unlikely to show that an error was harmful." *Id.*

B.    **Establishing Eligibility for DIB**

To be eligible for DIB under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). Under the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See id.* § 404.1520(e).

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). In doing so, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. *Id.*; SSR 96-8p, 61 Fed. Reg. 34474, 34477 (Jul. 2, 1996). Then, at step four, the ALJ determines whether the claimant's RFC permits her to resume previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's RFC permits her to resume previous employment, the claimant is not "disabled" and thus not entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(a)(4)(v).

Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work experience, and RFC. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. *Id.* § 404.1520(g).

### III.   DISCUSSION

Plaintiff alleges that the ALJ erred in his decision denying her DIB application because he failed to: (1) compare the combined effect of Plaintiff's impairments found to be severe at step two to the Commissioner's listed impairments in step three (Pl.'s Moving Br. 6-8); and (2) issue a reviewable physical or mental RFC finding supported by substantial evidence (*id.* at 6, 26-27). The Court considers each contention in turn.

#### A.   The ALJ Did Not Fail to Compare the Combined Effect of Plaintiff's Severe Impairments to the Commissioner's Listing of Impairments

Plaintiff argues that her FM, which was found to be severe at step two, was "never considered, discussed or even mentioned in the step [three] analysis." (Pl.'s Moving Br. 10.) In support of her argument, Plaintiff outlines how FM should be considered in the evaluation process, highlighting that the ALJ failed to consider it in combination with her other impairments at step three, as required by SSR 12-2p, which was "hardly a 'harmless error.'" (*Id.* at 11-14.) In response, the Commissioner contends that Plaintiff failed to "explain how her combined medical conditions satisfy the criteria of any particular listing" and specifically points out that the ALJ's decision considered her "combination of impairments" when evaluating whether they meet or medically equal a listed impairment. (Def.'s Opp'n Br. 7.)

8

As an initial matter, the ALJ specifically stated that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the criteria of" certain listed impairments. (AR 24.) Where, as here, the "ALJ explicitly considered Plaintiff's impairments 'singly and in combination,' there is 'no reason not to believe' that the ALJ did so." *Ward v. O'Malley*, No. 18-13675, 2024 WL 1048078, at *6 (D.N.J. Mar. 11, 2024) (internal citation omitted) (quoting *Morrison ex rel. Morrison v. Comm'r of Soc. Sec.*, 268 F. App'x 186, 189 (3d Cir. 2008)). To substantiate this finding, the ALJ engaged in a full analysis of Plaintiff's impairments, symptoms, and medical history. (*See* AR 24-27.)

The Court also finds *Holloman v. Commissioner of Social Security* persuasive, which stated:

> [The plaintiff] also complains in vague terms that certain impairments were not properly compared, separately and in combination, to the listings. But he does not identify specific avenues for meeting or equaling specific listings that the ALJ should have considered but did not. Whether or not the ALJ's analysis of these impairments was sufficiently thorough, [the plaintiff] offers no explanation of how further analysis could have affected the outcome of his disability claim. Even if we found a portion of the ALJ's step-three analysis to be deficient, we would have no reason to conclude that the deficiency in analysis was harmful to [the plaintiff's] claim.

639 F. App'x 810, 814 (3d Cir. 2016). Here, the Court finds that Plaintiff did not meet her burden of demonstrating that the ALJ erred at step three. Plaintiff also failed to "identify specific avenues for meeting or equaling specific listings." *See id.* Moreover, her claim that the ALJ's failure to consider FM alone or in combination at step three is "hardly a harmless error" is made without any

"explanation of how further analysis could have affected the outcome of her disability claim."[5] (Pl.'s Moving Br. 13 (internal quotations omitted)); *Holloman*, 639 F. App'x at 814. The Court, accordingly, upholds the ALJ's determination at step three.

B.   **The ALJ Did Not Fail to Issue a Reviewable RFC Determination**

Plaintiff also argues that the ALJ failed to explain his RFC findings such that they are unreviewable. (Pl.'s Moving Br. 6, 17-37.) More specifically, she contends that he failed to explain why she can perform unskilled light work, what unskilled light work is, why she can frequently handle and finger objects, and why she can sustain a forty-hour work week. (*Id.* at 27.) In response, the Commissioner argues that the ALJ's RFC finding is comprehensible, "captured all of Plaintiff's credibly established limitations," and included his consideration of "objective medical evidence, medical opinions, daily activities, type of pain/symptoms, precipitating and aggravating factors, medication and other treatment," and other relevant factors. (Def.'s Opp'n Br. 11.) The Commissioner also highlights that the ALJ is free to discount Plaintiff's complaints that are unsupported by the record evidence. (*Id.* (citing 20 C.F.R. § 404.1529(c)(4).)

Regulation 20 C.F.R. § 404.1545(a)(3) states that an ALJ must "assess [the plaintiff's RFC] based on all of the relevant medical and other evidence . . . . [and] consider any statements about what [the plaintiff] can still do that have been provided by medical sources, whether or not they are based on formal medical examinations." Notably, if an ALJ is faced with conflicting medical conclusions, he "is not only entitled but required to choose between them." *Cotter*, 642 F.2d at 705. Additionally, the ALJ must explain why evidence has been rejected. *Id.* As set forth earlier, the ALJ found that Plaintiff had the RFC to perform:

---

[5] Although Plaintiff presents evidence that the ALJ considered, she fails the explain how the ALJ used it incorrectly such that his decision is erroneous. (*See* Pl.'s Moving Br. 15-16.) Moreover, the ALJ did in fact consider such evidence; Plaintiff does not direct the Court to evidence that the ALJ failed to consider.

10

> light work as defined in 20 C.F.R. [§] 404.1567(b) except standing and walking for [four] hours combined . . . limited to frequent handling and fingering with the bilateral hands; occasionally climbing ramps and stairs; never climbing ladders, ropes, and scaffolds . . . . balanc[ing] occasionally as defined in the SCO, stoop[ing], kneel[ing], crouch[ing], and crawl[ing]. . . . never work[ing] at unprotected heights; and never work[ing] around hazards or moving mechanical parts.

(AR 27.)

In making this determination, the ALJ discussed Plaintiff's hearing testimony, including: (1) the history of Plaintiff's physical and mental conditions; (2) the symptoms Plaintiff experiences due to her physical and mental conditions; (3) the treatment Plaintiff has received for her conditions; (4) various medical opinions and prior administrative medical findings; and (5) Plaintiff's testimony that she could sit for an hour; lift or carry ten pounds; and squat, bend, stand, reach, walk, sit, kneel, and climb stairs with limitations. (*Id.* at 27-32.) The ALJ's decision further states that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 28.)

More specifically, the ALJ acknowledged that Plaintiff alleged "debilitating pain," but the medical findings "repeatedly exhibited no distress on examination, with intact strength, and intermittent issues with reduced sensation." (*Id.* at 28 (citing B24F/92-94; B24F/41-43; B20F/33; B30F/185-186; B15F/37-38, B16F).) In regard to Plaintiff's argument that the ALJ failed to explain why she can frequently handle and finger objects, the ALJ considered evidence that "she ha[s] mild impaired light touch over the fingertips but intact deep tendon reflexes, a normal gait without an assistive device, intact strength throughout, and otherwise grossly intact sensation," which support a finding of "some degree of retained functioning." (*Id.* at 29 (citing B30F/154).) As such, the Court finds that the ALJ did adequately indicate and explain which evidence

11

supported his findings, and which evidence was rejected. *See Cotter*, 642 F.2d at 705. Accordingly, the Court finds that the ALJ's RFC determination is judicially reviewable and supported by substantial evidence.

IV. **CONCLUSION**

For the reasons outlined above, the Court affirms the Commissioner's decision. An Order consistent with this Memorandum Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE